*Manuel v. Bill*, No. 2:06cv12753

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

EDWARD MANUEL,

                    Plaintiff,

v.                                                          CASE NO. 2:06-CV-12753
                                                            HONORABLE ARTHUR J. TARNOW
GREGORY BILL

               Defendant.
_____/

## ORDER OF DISMISSAL

### I.  Introduction

Plaintiff Edward Manuel, a state prisoner at Lakeland Correctional Facility in Coldwater, Michigan, has filed a *pro se* civil rights complaint for injunctive relief under 42 U.S.C. § 1983. The Defendant is Judge Gregory Bill of Detroit, Michigan.  The Court takes judicial notice that Judge Bill is a state circuit court judge in Wayne County, Michigan.

Plaintiff alleges that he has repeatedly requested discovery to further his post-conviction appeal, but the court and the prosecutor's office denied his requests.  The trial court apparently sent the requested information to Plaintiff at Bellamy Creek Correctional Facility in December of 2005, but Plaintiff claims that he never received the information because he was transferred to Lakeland Correctional Facility in November of 2005.

Plaintiff seeks an evidentiary hearing, and the release of all requested discovery.  In the event of a failure to comply with these requests, Plaintiff seeks dismissal of all charges and his release from custody or a new trial.

*Manuel v. Bill*, No. 2:06cv12753

## II.  Discussion

Plaintiff has been granted leave to proceed without prepayment of the fees and costs for this action.  When screening an indigent prisoner's civil rights complaint against a governmental entity, officer, or employee, federal district courts must determine whether the complaint, or any portion of it, (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915 (e)(2) and 1915A).  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim on which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

To successfully establish a *prima facie* case under § 1983, the plaintiff must prove that the defendant acted under the color of state law and deprived the plaintiff of rights secured by federal law.  *Block v. Ridar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)).  Although the defendant acts under color of law as a state court judge, Plaintiff has failed to show that Judge Bill deprived him of a federal right, privilege, or immunity.  "There is no general constitutional right to discovery in a criminal case . . . ."  *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977).

Furthermore, the Court cannot grant Plaintiff's requests for a dismissal of the charges, release from custody, and a new trial.  These requests indirectly challenge Plaintiff's incarceration.  A civil rights action is not a proper remedy for a state prisoner who is making a

2

*Manuel v. Bill*, No. 2:06cv12753

constitutional challenge to the fact or length of his custody.  *Preiser v. Rodriguez*, 411 U.S. 475,

499 (1973).  An attack on the fact or length of confinement "is cognizable only in federal habeas

corpus, with its attendant requirement of exhaustion of state remedies."  *Id*. at 499 n. 14.  If

Plaintiff's request is for court documents, his remedy may be through the state courts.

### III.  Conclusion

Plaintiff has failed to show that Judge Bill deprived him of a federal right.  Plaintiff also

has failed to show that he is entitled to the requested relief.  Thus, he has not stated a claim under

§ 1983, and his complaint is summarily DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)

and 1915A(b).  An appeal from this order would be frivolous could not be taken in good faith.

28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v.

Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).


s/Arthur J. Tarnow         
Arthur J. Tarnow
United States District Judge

Dated:  August 24, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on
August 24, 2006, by electronic and/or ordinary mail.

s/Catherine A. Pickles       
Judicial Secretary